UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                          : CIVIL NO. **1:05-CV-00426**
                                   :
            Plaintiff              : (Judge Kane)
                                   :
      v.                           : (Magistrate Judge Smyser)
                                   :
JEFFREY BEARD, EDWARD KLEM,        :
MARVA CERULLO, ALICE CHIPRIANO,    :
MARSHA MODERY, and                 :
WILLIAM WALL,                      :
                                   :
            Defendants             :

## ORDER

On February 28, 2005, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint.

The plaintiff also filed an application to proceed *in forma pauperis*. By an Order dated March 24, 2005, the plaintiff's application for leave to proceed *in forma pauperis* was denied because the plaintiff had $1215.58 in his prison account. The plaintiff has paid the filing fee.

By an Order dated April 21, 2005, we informed the plaintiff that, since his application to proceed *in forma pauperis* was denied, he must serve the complaint and summons on the defendants pursuant to Fed.R.Civ.P. 4. We ordered that the plaintiff serve the summons and complaint

on the defendants and file a return of service with the
court within ninety days.  We noted that in lieu of
personal service, the plaintiff may, in accordance with
Fed.R.Civ.P. 4(d), send to the defendants the specified
waiver of service forms.  We further noted that if the
defendants sign and return those forms, the plaintiff shall
file those forms as the return of service, and if the
plaintiff complies with Fed.R.Civ.P. 4(d) and the
defendants refuse to return the waiver of service forms
sent by the plaintiff, the plaintiff may then file a motion
for the court to direct the United States Marshal to serve
the defendants.

On August 2, 2005, the plaintiff filed a motion to
have the United States Marshal serve the defendants.  The
plaintiff stated that on June 13, 2005, he sent the
complaint and waiver of service forms to Alan S. Gold,
Esquire and to the Office of Chief Counsel for the
Pennsylvania Department of Corrections.  He indicated that
Alan S. Gold, Esquire is counsel for defendant Modery and
that the Office of Chief Counsel for the Pennsylvania
Department of Corrections is counsel for the other
defendants.

In an Order dated August 8, 2005, we indicated that there is nothing in the record of this case to indicate that Attorney Gold represents defendant Modery in this case or that the Office of Chief Counsel represents the other defendants in this case.  We further indicated that Fed.R.Civ.P. 4(d)(2)(A) provides that the Notice and Request to Waive Service forms "shall be in writing and shall be addressed directly to the defendant, if an individual . . . ."  We concluded that since the plaintiff did not address the forms to each defendant directly, the plaintiff had not properly attempted service and we denied the plaintiff's motion to have the United States Marshal serve the defendants.  The Order of August 8, 2005, granted the plaintiff another opportunity to serve the defendants.  The plaintiff was ordered to file, within sixty days, a return of service indicating when and how the defendants were served with the summons and complaint in accordance with Fed.R.Civ.P. 4.

On August 11, 2005, the plaintiff filed a letter with the court enclosing the Notice of Lawsuit, Summons, and Waiver of Service forms that he had served on Attorney Gold and the Office of Chief Counsel for the Pennsylvania Department of Corrections.  The plaintiff did not, however,

3

present any proof that he sent the Notice and Request to
Waive Service forms directly to the defendants.  Nor did
the plaintiff file a return of service indicating that
service has been effected.

Rule 4(m) of the Federal Rules of Civil Procedure
provides:

> If service of the summons and complaint is
> not made upon a defendant within 120 days after
> the filing of the complaint, the court, upon
> motion or on its own initiative after notice to
> the plaintiff, shall dismiss the action without
> prejudice as to that defendant or direct that
> service be effected within a specified time;
> provided that if the plaintiff shows good cause
> for the failure, the court shall extend the
> time for service for an appropriate period.
> This subdivision does not apply to service in a
> foreign county pursuant to subdivision (f) or
> (j)(1).

By an Order dated November 4, 2005, we indicated that
more than 120 days have passed since the plaintiff filed the
complaint in this case and the defendants have not been served.
The plaintiff was ordered to show cause on or before November
25, 2005 why the complaint should not be dismissed pursuant to
Fed.R.Civ.P. 4(m) based on his failure to serve the defendants
with the summons and complaint.  The Order of November 4, 2005
provided that if the plaintiff fails to show cause on or before
November 25, 2005 why the complaint should not be dismissed, it

will be recommended that the complaint be dismissed pursuant to Fed.R.Civ.P. 4(m).

On November 22, 2005, the plaintiff filed a response to the November 4, 2005 Order to Show Cause.  Rather than sending the waiver forms to the individual defendants as the Order of August 8, 2005 indicated is the appropriate manner in which to request the defendants to waive service of the summons and complaint, the plaintiff again contends that it was proper for him to send the waiver forms to the Office of Chief Counsel for the Pennsylvania Department of Corrections.  He states that a Policy Notice requires that service be made upon the Office of Chief Counsel of the Department of Corrections.  He also states that a copy of the Policy Notice is attached to his response as Exhibit A.  There is, however, no Exhibit A nor Policy Notice attached the plaintiff's response.  The plaintiff also states that Samuel H. Foreman, Esquire has advised him that his office represents defendant Modery and that Foreman has issued subpoenas to the Grievance Coordinator, Chief Grievance Coordinator and Medical Records Coordinator for records pertaining to the plaintiff.

The plaintiff contends that the court should deem the defendants served.  However, the plaintiff has not presented any evidence that the defendants have in fact been served in accordance with Fed.R.Civ.P. 4.  Nor has the plaintiff followed the procedures to properly request that the defendants waive service of the summons and complaint.

The plaintiff requests that, if the court concludes that service has not been made, he be granted an extension of time to serve the defendants.  We will grant the plaintiff one last extension of time to serve the defendants pursuant to Fed.R.Civ.P 4 or, in lieu of personal service, to properly request, in accordance with Fed.R.Civ.P. 4(d), that the defendants waive service of the summons and complaint.

**IT IS ORDERED** that the plaintiff shall file, within sixty days of the date of this Order, either 1) a return of service indicating how and when the defendants were served in accordance with Fed.R.Civ.P. 4; 2) a properly executed waiver of service form from each defendant; or 3) a motion requesting that the Marshal serve the summons and complaint and setting forth the steps he took to properly request each defendant to

waive service of the summons and complaint and each defendants'
response, or lack of response, thereto.


                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated: November 23, 2005.